UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD IRWIN,

                                                                  Hon. Bernard A. Friedman
                                                                  Case No. 2:15-cv-14471

              Plaintiff,


JOHN DOE, ET. AL,

              Defendants.
_____/

**OPINION AND ORDER (1) PARTIALLY DISMISSING COMPLAINT, (2) ORDERING PLAINTIFF TO PROVIDE ADDITIONAL COPIES OF COMPLAINT FOR SERVICE ON REMAINING DEFENDANTS, AND (3) ORDERING PLAINTIFF TO PROVIDE ADDRESSES FOR SERVICE**

              This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Plaintiff Ronald Irwin is presently incarcerated with the Michigan Department of Corrections at the

Charles Egeler Reception and Guidance Center. Plaintiff names twenty-five individual and groups

of individuals as party defendants: (1) Cheboygan County Prosecutor's Office, Jane/John Does; (2)

Cheboygan County Sheriff's Department, Jane/John Does; (3) Cheboygan County District/Circuit

Court Judges, Jane/John Does; (4) Trial Attorney Nicholas V. Hile; (5) Warren Police Department,

Jane/John Does; (6) Macomb County S.W.A.T. Team, Jane/John Does; (7) Macomb County

Sheriff's Department, Jane/John Does; (8) Macomb County Prosecutor's Office, Jane/John Does;

(9) Macomb County Clerk's Office, Jane/John Does; (10) Macomb County District/Circuit Court

Judges, Jane/John Does; (11) Trial Attorney Sarah Steslicki; (12) Appeals Attorney Wendy H.

Barnwell; (13) Farmington Hills Police Officer Mike Doe; (14) Michigan Court of Appeals Judges,

Jane/John Does; (15) Members of the Michigan Parole Board (Past and Present), Jane/John Does;

(16) Corizon Medical Services, Jane/John Does; (17) Muhammad S. Rais, MD; (18) Michigan

Department of Corrections Medical Staff at Charles Egeler C-Unit, and Duane Waters Health Center, Jane/John Does; (19) Charles Egeler Librarians; (20) Heidi Washington, Warden; (21) Michigan Supreme Court Judges, Jane/John Does; (22) Doris A. Hewitt; (23) Gerry Gaughan; (24) Ashley E. Gaughan; and (25) Laura Doe.

For the reasons stated below, the Court will dismiss all defendants except for (16) Corizon Medical Services, Jane/John Does; (17) Muhammad S. Rais, MD; and (18) Michigan Department of Corrections Medical Staff at Charles Egeler C-Unit, and Duane Waters Health Center, Jane/John Does. The Court will also order plaintiff to provide additional copies of the complaint for service on the remaining defendants, and to provide addresses so the remaining defendants can be served.

## I. Allegations

Plaintiff's pro se pleading essentially amounts to a lengthy account of his legal history from 1993 to present and is interspersed with legal discussions and claims. As far as the Court can ascertain, in essence, plaintiff is suing virtually everyone involved in his two criminal prosecutions and resulting imprisonment. He chiefly complains that his first conviction is invalid because the amendments to Michigan's sex offender registry law were applied retroactively to him in violation of his plea bargain. He argues that his second prosecution, which apparently involved a violation of the registry law, should therefore never have been conducted. The complaint then goes on to detail plaintiff's medical conditions, describes a forceful arrest, and asserts that he is being inadequately treated and housed in unhealthy conditions at his correctional facility amounting to a violation of his constitutional rights.

The complaint begins with an allegation that on March 4, 1993, officers from the

Cheboygan County Sheriff's Department unconstitutionally interrogated him, leading to an involuntary confession. He details further alleged violations of his constitutional rights leading to his prosecution and first conviction.

Plaintiff alleges he was denied effective assistance of counsel and was coerced into a plea agreement which required him to register as a sex offender for a fixed set of years. He claims that fifteen years after he discharged from prison he was forced to again register as a sex offender in violation of the Ex Post Facto Clause and his plea agreement. Plaintiff alleges that the Cheboygan County Prosecutor's Office violated the plea agreement a second time when it ordered the Michigan Department of Corrections Parole Board (whom he later claims has a personal vendetta against him) to hold him an additional twenty-four months while the prosecutor terminated plaintiff's parental rights to his three children.

The complaint then turns to plaintiff's marriage to defendant Doris Ann Hewitt in 2011. He asserts that Hewitt, with the help of defendants Mike Doe, Laura Doe, Ashley Gaughan, and Gerry Gaughn, lodged a false sexual assault complaint with the Warren Police Department.

Plaintiff alleges that he was thereafter arrested by defendant members of the Macomb County S.W.A.T. team, who used excessive force in taking him into custody and illegally seized evidence. Plaintiff claims that he was transported to the Warren Police Department, where he was not provided with medical care for the injuries he sustained during his arrest. While housed at the Warren Police Department, plaintiff alleges he was denied food and water for 12 hours. Plaintiff alleges that after he was arraigned, he was transported to Macomb County Jail[1] and placed in a pod

_____

[1] Plaintiff does not name Macomb County Jail ("MCJ") as a defendant in his complaint.. However, given the nature of his claims, the Court will construe MCJ as a named defendant.

where he feared for his safety from other prisoners due to the nature of his charges. He asserts that staff at the jail were indifferent to his complaints.

Plaintiff then recounts his second criminal case, alleging that his attorney–defendant Steslicki–failed to protect his rights because she was more concerned with her ailing mother. Plaintiff alleges that as a result of his attorney's lack of preparation, on May 31, 2012, he involuntarily pled guilty to criminal charges. Plaintiff states that while he was housed in the Macomb County Jail during this time he suffered from numerous medical conditions and became physically and emotionally unstable.

Plaintiff alleges that his medical condition deteriorated further after he was transferred to the  Michigan Department of Corrections at the Charles Egeler Reception and Guidance Center. He was eventually diagnosed with multiple sclerosis. He alleges that while this was happening his appellate attorney–defendant Barnwell–ineffectively handled his criminal appeal.

Plaintiff claims that the Department of Corrections Medical Staff at Charles Egeler C-Unit and Duane Waters Health Center are now improperly caring for his needs as a person with physical and mental disabilities, chiefly naming defendant Muhammad S. Rais, M.D., as the person who has harmed him. He alleges that MDOC medical staff have a contract with Corizon Medical Services that encourages doctors to keep treatments in house so as to increase profits.

Plaintiff further alleges that he is being subjected to unclean living conditions, a lack of basic cleaning supplies in his housing unit, the presence of black mold in the ventilation system on the unit, denial of necessary medical devices such as wheelchairs and orthopedic shoes, lack of adequate food, denial of access to the courts, an inadequate law library, unequal pay compared to non-disabled prisoners, and other related problems on Charles Egeler's C-Unit . He also asserts that

-4-

Department of Corrections staff are indifferent to the physical and mental abuse he is subjected to by other inmates because he was convicted of a child sex crime. He asserts that over three dozen inmates have died on his unit since July of 2013, and he asserts the staff at his facility are trying to kill him as well.

The complaint seeks a temporary restraining order and permanent injunctions against all defendants ordering them to stop persecuting and torturing him. It seeks an order allowing plaintiff to be housed with two other named prisoners who are assisting each other with litigation. It also seeks an order enjoining the Department of Corrections from retaliating against plaintiff for bringing this action. Finally, the complaint seeks a declaratory judgment finding that defendants have prosecuted, violated, housed, and tortured plaintiff in violation of his constitutional rights.

## II. Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## A. Claims Concerning Petitioner's Criminal Convictions

Much of plaintiff's complaint alleges wrongful conduct on the part of persons involved in his criminal prosecutions. These claims are subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court held in *Heck* that "in order to

recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). A state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 U.S. App. LEXIS 9341, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations against many of the named defendants clearly call into question the validity of his convictions. Therefore, his action is barred under *Heck* until his criminal convictions have been invalidated. Consequently, the following defendants will be dismissed: (1) Cheboygan County Prosecutor's Office; Jane/John Does; (2) Cheboygan County Sheriff's Department, Jane/John Does; (3) Cheboygan County District/Circuit Court Judges, Jane/John Does; (8) Macomb County Prosecutor's Office, Jane/John Does; (9) Macomb County Clerk's Office, Jane/John Does; (10) Macomb County District/Circuit Court Judges, Jane/John Does; (13) Farmington Hills Police Officer Mike Doe; (14) Michigan Court of Appeals Judges, Jane/John Does;

(15) Member's of the Michigan Parole Board (Past and Present), Jane/John Does; and (20) Michigan

Supreme Court Judges, Jane/John Does.[2]

Furthermore, the claims against defendants (4) Trial Attorney Nicholas V. Hile; (11)

Trial Attorney Sarah Steslicki; (12) Appeals Attorney Wendy H. Barnwell; (22) Doris A. Hewitt;

(23) Gerry Gaughan; (24) Ashley E. Gaughan; and (25) Laura Doe are barred for the same reason,

and also because these defendants are private citizens who were not acting under the color of state

law. *See Polk Co. v. Dodson*, 454 U.S. 312, 317-18 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F.

App'x 506, 508 (6th Cir. 2004).

**B. Claims Concerning Conditions of Confinement at the Egeler Facility**

Liberally construed, the complaint alleges that defendants (16) Corizon Medical

Services, Jane/John Does (17) Muhammad S. Rais; and (18) Michigan Department of Corrections

Medical Staff at Charles Egeler C-Unit, and Duane Waters Health Center, Jane/John Does, are

deliberately indifferent to his serious medical needs and are housing him in unsafe conditions.

Compl., ¶¶ 88, 90, 112, 114-127, 129-146, 148-153. Plaintiff's claims against these defendants

regarding his medical care are not subject to summary dismissal. See *Hudson v. McMillian*, 503 U.S.

1, 5 (1992) (confirming that the "unnecessary and wanton infliction of pain . . . constitutes cruel and

unusual punishment forbidden by the Eighth Amendment"); *Estelle v. Gamble*, 429 U.S. 97, 104-05

(1976) (ruling that "deliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"). While plaintiff

---

[2] Moreover, the claims against (3) Cheboygan County District/Circuit Court Judges, Jane/John Does; (10) Macomb County District/Circuit Court Judges, Jane/John Does; (14) Michigan Court of Appeals Judges, Jane/John Does; and (20) Michigan Supreme Court Judges, Jane/John Does must be dismissed because judges are entitled to absolute immunity from civil suits for acts committed within their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967).

may or may not ultimately prevail on such claims, he has pled sufficient facts to state possible claims for relief. Service of the cruel and unusual punishment claims upon these defendants is therefore appropriate, provided plaintiff provides service copies of his complaint and addresses for service as indicated below.

**C. Claims Concerning Petitioner's Second Arrest**

The complaint recounts plaintiff's second arrest in which he alleges that defendant (6) Macomb County S.W.A.T. Team, Jane/John Does used unnecessary force. Comp., ¶¶ 43-47. He also alleges that he was deprived of food, water, and medical attention by defendants (5) Warren Police Department, Jane/John Does and (7) employees of the Macomb County Sheriff's Department working at the Macomb County Jail. *Id.* ¶¶ 50-51, 55-58. Setting aside the portions of the complaint that are barred by *Heck*, this portion of the complaint concerns a completely different transaction than the bulk of the allegations concerning the conditions of confinement at the Egeler facility.

This implicates the issue of misjoinder. Fed. R. Civ. P. 21 provides this Court with the authority to sua sponte dismiss or sever parties and claims in a civil action due to misjoinder. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. *See also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."); *Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free reign to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report).

Fed. R. Civ. P. 18 governs the joinder of claims and Fed. R. Civ. P. 20 governs the permissive joinder of parties.  Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) addresses when multiple defendants may be joined in one action. It provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. *See, e.g.*, *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009). Thus, when joining multiple defendants in a single action, the two-part test of Rule 20(a)(2) must be met.

Here, plaintiff has failed to meet the two-part test of Rule 20(a)(2) for the joinder of multiple defendants. His excessive force claim and conditions of confinement at the Macomb County Jail/Warren Police Department claim do not arise out of the same transaction, occurrence, or series of transactions or occurrences with his claims related to the conditions at the Egeler facility. *See Proctor*, 661 F. Supp. 2d at 779. The complained of conduct occurred at different times and at

-10-

different places. Under these circumstances, joinder of the multiple defendants in this one civil rights action is inappropriate.

The remaining question is whether severance or dismissal of the mis-joined parties is warranted. As discussed *supra*, Rule 21 gives the Court discretion to invoke either remedy "on just terms." Several federal courts have interpreted "on just terms" to mean "without gratuitous harm to the parties." *See Harris v. Gerth*, No. 08-CV-12374, 2008 U.S. Dist. LEXIS 104921, 2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing cases). Given that no harm to the parties is apparent from the record, dismissal without prejudice of the mis-joined defendants, rather than severance, is the more appropriate course of action.

Accordingly, defendants (5) Warren Police Department, Jane/John Does; (6) Macomb County S.W.A.T. Team, Jane/John Does; and (7) Macomb County Sheriff's Department, Jane/John Does will be dismissed without prejudice.

## D. Prison Library

Plaintiff names the Charles Egeler RGC Librarians as defendants. It is well-established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Correctional officials must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828.

Plaintiff states that he does not have adequate access to legal materials. Comp., ¶ 128. However, even assuming that plaintiff has asserted a cognizable claim under *Bounds*, an inmate alleging a violation of *Bounds* must show actual injury. *Id*. at 349. "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant

-11-

actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. An inmate must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. Plaintiff has not demonstrated that the lack of an adequate law library or access to one hindered his efforts to pursue a legal claim or prevented him from filing a complaint. Consequently, defendants (19) Egeler Facility Librarians will be dismissed from this suit.

**E. Remaining Defendant**

The complaint lists defendant (20) Heidi Washington (Director) Warden and Predecessor, Charles Egeler RGC as a party defendant. However, the complaint is absent of any factual allegations with respect to her. Therefore, defendant Heidi Washington must be dismissed from the complaint.

**III. Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that defendants (1) Cheboygan County Prosecutor's Office; Jane/John Does; (2) Cheboygan County Sheriff's Department, Jane/John Does; (3) Cheboygan County District/Circuit Court Judges, Jane/John Does; (4) Trial Attorney Nicholas V. Hile; (5) Warren Police Department, Jane/John Does; (6) Macomb County S.W.A.T. Team, Jane/John Does; (7) Macomb County Sheriff's Department, Jane/John Does; (8) Macomb County Prosecutor's Office, Jane/John Does; (9) Macomb County Clerk's Office, Jane/John Does; (10) Macomb County District/Circuit Court Judges, Jane/John Does; (11) Trial Attorney Sarah Steslicki; (12) Appeals Attorney Wendy H. Barnwell; (13) Farmington Hills Police Officer Mike Doe; (14) Michigan Court of Appeals Judges, Jane/John Does; (15) Members of the Michigan Parole Board (Past and Present), Jane/John Does;

-12-

(19) Charles Egeler RGC Librarians; (20) Heidi Washington (Director) Warden and Predecessor, Charles Egeler RGC; (21) Michigan Supreme Court Judges, Jane/John Does; (22) Doris A. Hewitt; (23) Gerry Gaughan; (24) Ashley E. Gaughan; and (25) Laura Doe will be dismissed for the reasons stated above.

However, the Court may not, at this time, direct service of the complaint against the remaining defendants (16) Corizon Medical Services, Jane/John Does; (17) Muhammad S. Rais, MD; (18) Michigan Department of Corrections Medical Staff at Charles Egeler C-Unit, and Duane Waters Health Center, Jane/John Does because plaintiff has failed to file with the Court a sufficient number of copies for service. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff . . . must furnish the necessary copies to the person who makes service.").  Accordingly,

IT IS ORDERED that the Clerk shall return to plaintiff (1) a copy of this opinion and order and (2) a copy of the complaint.

IT IS FURTHER ORDERED that plaintiff shall file sufficient additional copies of his complaint and any attachments/exhibits for service on each of the remaining defendants with the Court within thirty (30) days from the date of this Order. Failure to file the required copies may result in dismissal of the complaint.

Where a plaintiff is proceeding in forma pauperis, as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94

F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). It is the inmate's

responsibility to provide the proper addresses of the defendants for service on these defendants. *See*

*Lee v. Armontrout,* 991 F. 2d 487, 489 (8th Cir. 1993).  Accordingly,


IT IS FURTHER ORDERED that plaintiff shall provide the address of defendants

(16) Corizon Medical Services, Jane/John Does; (17) Muhammad S. Rais, MD; and (18) Michigan

Department of Corrections Medical Staff at Charles Egeler C-Unit, and Duane Waters Health

Center, Jane/John Does within thirty (30) days of the date of this order or the complaint may be

dismissed without prejudice.



_s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2016
        Detroit, Michigan

-14-